IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARBARA J. PENNINGTON,           )
                                 )
            Plaintiff,           )
                                 )
      v.                         )   Civil Action No. 14-834
                                 )
CAROLYN W. COLVIN,               )
ACTING COMMISSIONER OF           )
SOCIAL SECURITY,                 )
                                 )
            Defendant.           )

## MEMORANDUM AND ORDER OF COURT

AND NOW, this __14th__ day of September, 2015, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her application for DIB on February 8, 2006, alleging a disability onset date of October 16, 1993, due to, *inter alia*, a back impairment.[1] Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on May 7, 2008. After being informed of her right to representation, plaintiff chose to proceed and testify without the assistance of an attorney or other representative. On June 3, 2008, the ALJ issued a decision finding that plaintiff is not disabled.

Following the decision, plaintiff obtained counsel and filed a request for review of the ALJ's decision. Counsel submitted numerous exhibits to the Appeals Council which were not before the ALJ. On August 23, 2010, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. As to the additional evidence, the Appeals Council found that it "does not provide a basis for changing the [ALJ's] decision." (R. 12). Plaintiff then retained her current counsel who filed her pending civil action in this court.

Plaintiff was 45 years old on her alleged onset date, which is classified as a younger person under the regulations, 20 C.F.R. §404.1563(c), and 51 years old on her date last insured, which is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). She has a high school education and above, including four years of college education. 20 C.F.R. §§404.1564(b)(4). Plaintiff has past relevant work experience as a furniture sales associate, graphics designer, bank lead training representative and design manager, but did not engage in any substantial gainful activity during the relevant time period from her onset date to her date last insured.

---

[1] The ALJ found that plaintiff last met the insured status requirements of the Act on December 31, 1999. Accordingly, the relevant time period during which plaintiff was required to show that she became disabled was from her alleged onset date of October 16, 1993, to her date last insured of December 31, 1999.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff, her mother, her friend, and a vocational expert, the ALJ concluded that plaintiff was not disabled within the meaning of the Act during the relevant time period. The ALJ found that although plaintiff suffers from the severe impairments of lumbar disc disease, environmental allergies and chemical sensitivities, those impairments, alone or in combination, do not meet or medically equal the criteria of any of the impairments listed at 20 C.F.R., Part 404, Subpart P, Appendix 1.

The ALJ also found that through the date last insured plaintiff retained the residual functional capacity to perform light work except for work requiring more than occasional climbing, concentrated exposure to extreme hot, cold, wetness and humidity or even moderate exposure to poor ventilation, dust, fumes, odors and gases. Although plaintiff could not perform any of her past relevant work with the foregoing restrictions, a vocational expert identified numerous categories of jobs which plaintiff, based upon her age, education, work experience and residual functional capacity, could have performed through here date last insured, including office helper, file clerk and order clerk. Relying on the vocational expert's testimony, the ALJ found that plaintiff through her date last insured was capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not disabled during the relevant time period.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff essentially raises a single challenge to the Commissioner's final decision that she is not disabled, *i.e.*, that the Appeals Council erred when it determined that the additional information, and, in particular, opinion evidence from plaintiff's treating physician, Dr. John Boor, (R. 703-711), which was submitted for the first time by plaintiff to the Appeals Council after the ALJ's decision, was not "new and material" evidence.

However, this court has no authority to review the actions of the Appeals Council in denying review. As the Third Circuit Court of Appeals explained in Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001), the standards for judicial review are governed by the Social Security Act. Pursuant to §405(g), a claimant unsuccessful in the administrative process may seek judicial review of the final decision of the Commissioner denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the *ALJ's* decision which is the final decision of the Commissioner, and it is *that* decision that the court is to review. Id. at 592. As the Matthews court made clear, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council's decision to deny review." Id. at 594.

---

[2] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.

Here, plaintiff is asking this court to review the Appeals Council's decision to deny review, which this court has no statutory authority to do. Rather, it is the ALJ's decision, the final decision of the Commissioner, that is before the court for judicial review, Id. at 594-95, and plaintiff has raised no other grounds to challenge the ALJ's decision.

To the extent plaintiff's brief could be read to request a remand so that the ALJ may consider the additional records that were submitted for the first time to the Appeals Council, this court finds that a remand is not warranted in this case.

Generally, when a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. See Matthews, 239 F.3d at 593. Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy *all three* requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews, 239 F.3d at 594 (emphasis added); Szubak, 745 F.2d at 833.

Here, plaintiff can meet none of the requirements. In order to support a sentence 6 remand, "the evidence must first be 'new' and not merely cumulative of what already is in the record." Szubak, 745 F.2d at 833. "Evidence is new if it was not and could not have been presented at the prior administrative proceeding." DeMoss v. Heckler, 706 F.Supp. 303, 308 (D.Del. 1988). In this case, the relevant assessments from Dr. Boor are dated August 4, 1995, 13 years before the ALJ's decision. Accordingly, because this evidence clearly was in existence prior to the ALJ's decision and could have been presented below, it is not "new" evidence, and a remand for consideration of these assessments would not be appropriate in this case. See Edwards v. Astrue, 525 F.Supp.2d

710, 712-13 (E.D.Pa. 2007) ("Where the allegedly new and material evidence was in existence before the ALJ's decision, remanding a case pursuant to sentence six would 'eliminate plaintiff's responsibility to present her case for disability before the [Commissioner]' and fail to serve the principle that new evidence remands 'should be narrowly circumscribed to facilitate the speedy disposition of meritorious claims'")(citations omitted).

Secondly, plaintiff has not shown that the assessments are material, *i.e.*, that there is a reasonable probability that the evidence would have changed the outcome of the disability determination. Szubak, 745 F.2d at 833. In this regard, plaintiff has offered nothing but mere speculation that Dr. Boor's assessments, which consist exclusively of checked boxes and circled choices with no explanation, would have altered the ALJ's decision. Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)("[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best"). The court also notes that the Appeals Council specifically observed that the information does not provide a basis for changing the ALJ's determination, and, even if any of the information arguably could be deemed material, as already noted, it is not new because it could have been presented below.

Nor has plaintiff shown good cause for not incorporating Dr. Boor's assessments into the record below. Although plaintiff suggests that the fact that she was unrepresented before the ALJ constitutes good cause for her failure to submit those assessments, "the mere fact that [a] Plaintiff is unrepresented until the Request for Review stage does not suffice to establish good cause." Norris v. Colvin, 2014 WL 4783550 (E.D.Pa., Sept. 25, 2014); *see also*, Massey v. Astrue, 2008 WL 4425853 (W.D.Pa., Sept. 30, 2008). Here, despite being unrepresented, plaintiff was able to provide numerous other medical records to the ALJ and to present her case at the hearing, and she does not assert that her decision to proceed without representation was not knowing and voluntary.

Moreover, the court notes that one purpose of the "good cause" requirement for sentence 6 remands is " to prevent the claimant from obtaining another 'bite at the apple' in the event of an adverse decision." DeMoss, 706 F. Supp. at 309. Here, plaintiff is seeking a second bite at the apple because she made the knowing and voluntary decision to proceed at the hearing without representation. The court does not believe that plaintiff's decision constitutes adequate good cause for a remand in this case. *See, e.g.*, Evangelista v. Secretary of Health & Human Services, 826 F.2d 136, 142 (1st Cir. 1987)("a claimant ... has as much right to proceed pro se as [she] does to engage a lawyer").

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous, and plaintiff has failed to establish any basis for a sentence 6 remand to consider additional evidence that was not before the ALJ and was presented for the first time to the Appeals Council. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Michael Colville
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219